# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-30795
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anotche Wix,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-76-2

_____

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Before the court is an appeal of a final judgment revoking Anotche Wix's term of supervised release and imposing an additional fourteen-month term of imprisonment. Both the Government and Wix agree that the district court erred in this matter by failing to order a competency hearing prior to revoking Wix's supervised release. We agree and VACATE the district court's order and REMAND the case.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30795

## Factual Background

After a two-day jury trial in 2009, Wix was found guilty of attempted bank robbery or aiding and abetting attempted bank robbery under 18 U.S.C. § 2113(a) and 2113(d) (Count 1); using and carrying or aiding and abetting in the using and carrying of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A) (Count 2); and conspiracy to use and carry a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(o) (Count 3). The district court sentenced Wix to concurrent sentences of 95 months' imprisonment on Counts 1 and 3; a consecutive 84 months' imprisonment on Count 2; and 5 years' supervised release on Counts 1 and 2, coupled with a concurrent 3 years' supervised release on Count 3. Wix's supervised release conditions included drug testing and mental health treatment as directed by his probation officer. Wix's term of supervised release began on June 30, 2021.

In November 2022, the Government filed an Amended Rule to Revoke Supervised Release. The Government contended that Wix's mental health began to deteriorate by September 2022, and that he was no longer complying with mental health treatment or random drug testing. The district court set a December 2022 hearing where it heard testimony of U.S. Probation Officer Tiresha Fairley. Appellant testified on his own behalf. During the revocation hearing, the Government, Wix's standby counsel, and the district court judge agreed that Wix needed a psychiatric evaluation. The only person who disagreed with this assessment was Wix. At the conclusion of the proceedings, the district court revoked Wix's release and remanded him to the custody of the Bureau of Prisons with specific instructions that he receive mental health treatment.

## Discussion

Under 18 U.S.C. § 4241, a district court

No. 22-30795

> shall order [a competency] hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

*See also United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995). Section 4241 has been applied to revocation hearings. *See e.g.*, *United States v. Blake*, 606 F. App'x 243–244 (5th Cir. 2015) (unpublished) (per curiam). This court reviews for abuse of discretion whether a district court erred in failing to sua sponte order a competency hearing. *Id.* (citing *Davis*, 61 F.3d at 303).

"The record contains evidence that would have given the district court reasonable cause to believe that [Wix] might be unable to meet the standard of competence to proceed with the revocation proceeding." *Id.* at 244. During the hearing, the district court concluded that "[a]ll of us agree, except perhaps Mr. Wix, that he really does need a psychiatric evaluation." The district court then acknowledged that Wix had been diagnosed with schizophrenia and paranoid delusions. The district court stated that "[i]t seems to be a—and it's not the fault of anybody here, the Government, Probation, Defense, that we have, I'll say a gap in the law, of uncertainty here on—because obviously his doctor says that he needs psychiatric evaluation, okay." Based on the facts and circumstances noted by the district court, a competency hearing was required under § 4241.

## Conclusion

The revocation sentence is VACATED. This case is REMANDED to the district court with instructions to hold a competency hearing under 18 § 4241.